UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZACHARY TAYLOR, #597646,

                       Plaintiff,           Civil Action No. 15-12433
                                          Honorable Robert H. Cleland
                                          Magistrate Judge David R. Grand

v.


RANDALL HAAS, GEORGE
STEPHENSON, DARRELL STEWARD,
and REGINA JENKINS-GRANT,

                       Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S
MOTION TO DISMISS [23] AND TO DENY AS MOOT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [17]**

**I.**    **REPORT**

        **A.**    **Background**

      On June 30, 2015, Plaintiff Zachary Taylor ("Taylor") filed his *pro se* civil rights complaint against Defendants Randall Haas, George Stephenson, Darrell Steward, and Regina Jenkins-Grant (collectively the "MDOC Defendants"). (Doc. #1). This case has been referred to the undersigned for all pretrial purposes. (Doc. #18).

      The MDOC Defendants filed a motion for summary judgment on September 17, 2015. (Doc. #17). In their motion, the MDOC Defendants argue that Taylor's complaint should be dismissed because he did not properly exhaust his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a). (*Id.*). Taylor failed to timely respond to the MDOC Defendants' motion; therefore, on October 26, 2015, and December 2, 2015, the Court issued an Order to Show Cause and Final Order to Show Cause,

respectively. (Docs. #20, 21). In those Orders, Taylor was directed to show cause as to why this Court should not recommend that the MDOC Defendants' motion be granted and/or that his action be dismissed pursuant to Fed. R. Civ. P. 41(b). (*Id.*).

On December 21, 2015, Taylor filed a Motion to Dismiss, asking the Court to dismiss his case and indicating that he "does not oppose" the MDOC Defendants' assertions that he failed to exhaust his administrative remedies, as required by the PLRA. (Doc. #23). Taylor further indicates that the MDOC Defendants' motion "is uncontested." (*Id.*). On December 28, 2015, the MDOC Defendants filed a "Consent to Voluntary Dismissal," indicating their agreement with Taylor's request for voluntary dismissal of his lawsuit. (Doc. #24).

### B.   Analysis

Fed. R. Civ. P. 41(a) governs voluntary dismissals in federal court. Here, where a motion for summary judgment has been filed, and in the absence of a stipulation of dismissal signed by all parties, the plaintiff is required to seek an order of the court to voluntarily dismiss his suit. *See* Fed. R. Civ. P. 41(a)(2). The court may grant a request for voluntary dismissal "on terms that the court considers proper." *Id.* Whether to permit a plaintiff to voluntarily dismiss his case is a matter committed to the court's discretion. *See Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). An "abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice…." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (internal quotations omitted). Voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) is without prejudice, unless the court's order states otherwise. *See* Fed. R. Civ. P. 41(a)(2).

In this case, the MDOC Defendants have specifically indicated that they agree with Taylor's request for dismissal. (Doc. #24). Because the MDOC Defendants have not contended

that they will suffer any prejudice as a result of the voluntary dismissal of Taylor's claims, the Court will not presume the existence of prejudice. *See Hicks v. Welton*, 2010 WL 2507775, at *1 (W.D. Mich. June 17, 2010). For these reasons, Taylor's request to voluntarily dismiss his claims against the MDOC Defendants should be granted.[1]

## II.    RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Taylor's Motion to Dismiss (**Doc. #23**) be **GRANTED** and that Taylor's Complaint be **DISMISSED WITHOUT PREJUDICE** as to all of the named Defendants. **IT IS FURTHER RECOMMENDED** that the MDOC Defendants' Motion for Summary Judgment (**Doc. #17**) be **DENIED AS MOOT**.


Dated: December 30, 2015                        s/David R. Grand
Ann Arbor, Michigan                             DAVID R. GRAND
                                                United States Magistrate Judge


## <u>REVIEW</u>

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this

---

[1] Because the Court is recommending dismissing Taylor's complaint without prejudice, the MDOC Defendants' motion for summary judgment (Doc. #17) should be denied as moot.

Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

*Note these additional requirements at the direction of Judge Cleland:*

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 30, 2015.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
